IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MANLICLIC NAVARRO, | No. C 06-1948 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| A. P. KANE, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. The initial petition was dismissed with leave to amend because it was "insufficiently clear to allow the Court to determine what issues petitioner intends to raise, and if an order to show cause were issued, respondent would be unable to formulate an answer." Petitioner amended, but the petition was again dismissed because it did not show petitioner was entitled to relief and because respondent would not have been able to understand the issues sufficiently to formulate an answer. Petitioner has filed a second amended petition which is now before the Court for review.

**DISCUSSION**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting

*Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

All of petitioner's claims are difficult or impossible to understand. Because it appears he is unable to make them any clearer, the Court will consider them as best it can.

In his first issue petitioner appears to be contending that there was an irregularity in his arrest and detention. Because his claim is based on California procedural and penal law, this claim is not grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In his second issue petitioner says that "158 days delay is simply outer limits; A court may find a shorter delay unreasonable. See S. Rep. No. 90-371, at 34 (1967). Hereto: said Defendant not waive Time, @ Pre. Exam[.]" Although in the "supporting facts" section of this claim he cites to irrelevant federal rules of criminal procedure and to California law which is inapplicable in this federal proceeding, it nevertheless appears that he is attempting to contend that his speedy trial rights were violated, which in some circumstance can be a violation of the Sixth Amendment's Speedy Trial Clause. A delay of 158 days is not, however, sufficient to trigger a Sixth Amendment speedy trial claim. *See Doggett v. United States*, 505 U.S. 647, 651 (1992) (no constitutional speedy trial violation unless delay is long enough to be considered "presumptively prejudicial;" lower courts have generally found post-accusation delay presumptively prejudicial as it approaches one year). *Id.* at 651-52, 652 n.1.

In his third issue petitioner says that "[f]ailure to find probable cause to bind Defendant for trial and submitted Defendant into Arraignment Dept. 513 precluded litigation purpose of subsequent § 1983 suit ...[Ellipses in original]." This is incomprehensible, so fails to "point to a real possibility of constitutional error." *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

In his fourth issue petitioner says that "[s]ubmitted and Rule as stipulated at the Proceeding: that the Prior Cen:1265537 is restricted, Holding Order to a Subsequent Dept.513 (CT.63)." As with the third issue, this is incomprehensible and thus insufficient to show a real

possibility of constitutional error.

Because petitioner has failed to show any real possibility of constitutional error as to any of his issues, the petition will be summarily dismissed.

## CONCLUSION

For the reasons set out above, the petition for a writ of habeas corpus is **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254 (if it plainly appears from petition that petitioner is not entitled to relief, judge must dismiss petition). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June  14 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\NAVARRO948.DSM

3