IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MANLICLIC NAVARRO,<br><br>    Petitioner,<br><br>  v.<br><br>A. P. KANE, Warden,<br><br>    Respondent.<br>_____/ | No. C 06-1948 WHA (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

  This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The case was dismissed in an order entered on June 14, 2007. Judgment was entered that day. Petitioner filed a motion to reconsider which is deemed filed on July 18, 2007, applying the mailbox rule. It was denied on July 30. On August 17, 2007, petitioner filed a notice of appeal and request for a certificate of appealability ("COA").

  A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

The petition was summarily dismissed because after two amended petitions petitioner still had not stated any coherent basis for federal habeas relief. Jurists of reason would not find this conclusion debatable or wrong. Petitioner's motion for a certificate of appealability (document number 17 on the docket) is **DENIED.** His motion for leave to proceed in forma pauperis on appeal (document 17) is **DENIED** as moot; he may renew it in the court of appeals if that court grants a COA.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: August __27__, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\NAVARRO948.COA.wpd